In an action to recover the reasonable value of work, labor and services (1st cause of action), and for money had and received (2d cause of action), defendants appeal from so much of a resettled order as denies their motion for summary judgment dismissing the first cause of action, and plaintiff appeals from so much of said order as grants summary judgment dismissing the second cause of action. Order affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., concurs in the affirmance of that part of the order which grants summary judgment dismissing the second cause of action, but dissents from the affirmance of that part of the order which denies the motion for summary judgment dismissing the first cause of action, and votes to reverse such part of the order and to grant summary judgment dismissing the first cause of action, with the following memorandum: Plaintiff was a tenant in possession of a gasoline station for about a year from April 1, 1954. During his tenancy he paid rent. He got out because he did not have an enforcible lease. His original complaint, based on alleged breach of an oral agreement to lease, was dismissed (Edelstein v. Hacker, 2 A D 2d 859). In the first cause of his amended complaint he seeks $10,000 for operating the gasoline station alone, and another $10,000 for doing so without the services of employees. His efficient operation creates no obligation on the part of his landlord. Nor is there any substance to the claim, advanced in opposition to the motion, that plaintiff is entitled to an alleged increase in leasehold value attributable to his efficient operation. Under no circumstances could there be a recovery based on the efforts of plaintiff resulting in increased profits. His business was personal to him and, conceivably, he could take it to a new location across the street. (Cf. Selmar Garage Corp. v. Rink Realty Corp., 276 App. Div. 1019.) Moreover, there could be no implied promise by defendants to pay for services rendered by plaintiff for himself.